**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 28 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICARDO NEYRA-MONCADA, | No. 18-72194 |
| Petitioner, | Agency No. A206-915-823 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 28, 2023[**]
San Francisco, California

Before: FRIEDLAND, BADE, and KOH, Circuit Judges.

Ricardo Neyra-Moncada, a native and citizen of Nicaragua, petitions for

review of an order of the Board of Immigration Appeals ("BIA") upholding the

Immigration Judge's ("IJ") denial of his applications for asylum and withholding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of removal.[1]  We deny the petition.

Because the BIA adopted and affirmed the IJ's decision under *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), "we review the IJ's order as if it were the BIA's."  *Chuen Piu Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011).  "We review for substantial evidence factual findings underlying the [agency's] determination that a petitioner is not eligible for asylum . . . [or] withholding of removal . . . ."  *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022).  To prevail under this standard, "the petitioner must show that the evidence not only supports, but compels the conclusion that these findings and decisions are erroneous."  *Id.* (quotation marks omitted).

1.  Substantial evidence supports the agency's determination that Neyra-Moncada is ineligible for asylum.  He testified that he did not know what motivated his cousin to rape him, and that his father never told him that he disapproved of Neyra-Moncada's sexual orientation.  Although Neyra-Moncada also testified that gang members sought to recruit him because of his sexual orientation, he further explained that the gang members believed that because of

---

[1] The agency also deemed Neyra-Moncada not credible with respect to his testimony regarding finding employment, and denied his petition for protection under the Convention Against Torture.  Neyra-Moncada did not contest these issues in his opening brief, and therefore forfeited these issues, even under the liberal construction of claims required for pro se litigants.  *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013); *Gonzalez-Castillo v. Garland*, 47 F.4th 971, 980 (9th Cir. 2022).

this fact, the authorities would not view him as dangerous or a criminal. From this testimony, the IJ concluded that the gang members were not centrally motivated by Neyra-Moncada's sexual orientation, but rather by the furtherance of their criminal enterprise. The agency therefore permissibly determined that Neyra-Moncada did not meet his burden of showing that his sexual orientation was "at least one central reason" for his cousin's abuse or gang members' attempt to recruit him. 8 U.S.C. § 1158(b)(1)(B)(i). And although Neyra-Moncada did testify that he experienced harassment and discrimination because of his sexual orientation, the record does not compel the conclusion that this harm rose to the level of past persecution. *Fisher v. INS*, 79 F.3d 955, 962 (9th Cir. 1996) (en banc) ("Persecution . . . does not include mere discrimination, as offensive as it may be.").

Because Neyra-Moncada did not demonstrate past persecution, he was not entitled to a rebuttable presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). Moreover, substantial evidence supports the agency's determination that he failed to establish an objective basis for a well-founded fear of future persecution. Enough time had passed and enough circumstances had changed to render Neyra-Moncada's fear of harm at the hands of his cousin or gang members speculative. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003). And the record does not compel the conclusion that discrimination toward LGBTQI individuals in Nicaragua, although pervasive,

3

qualifies as a pattern or practice of persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1060-62 (9th Cir. 2009). Finally, although Neyra-Moncada demonstrated that the LGBTQI community in Nicaragua is a disfavored group, the agency permissibly determined that he did not face a sufficient individualized risk to establish a well-founded fear of future persecution. *See id.* at 1062-63.

2. Substantial evidence also supports the agency's determination that Neyra-Moncada is ineligible for withholding of removal. Given his testimony that he did not know what motivated his cousin's sexual abuse, the agency permissibly determined that he did not meet his burden of showing that his sexual orientation was "a reason" for that harm. *Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017). Although his sexual orientation was "a reason" motivating some of the other harms he faced, the record does not compel the conclusion that these harms rose to the level of persecution. *Id.*; *see Fisher*, 79 F.3d at 962. As with his asylum claim, Neyra-Moncada's fear of future persecution—at the hands of his cousin, gang members, or others—is speculative; the record therefore also does not compel the conclusion that he would face a clear probability of persecution if he returns to Nicaragua. *See Nagoulko*, 333 F.3d at 1018; *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010).

**PETITION DENIED.**